UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.: **CR-10-225** |
| ) | |
| v. ) | **UNDER SEAL** |
| ) | |
| STEPHEN JIN-WOO KIM, ) | |
|    also known as Stephen Jin Kim, ) | **FILED** |
|    also known as Stephen Kim, ) | AUG 1 9 2010 |
|    also known as Leo Grace, ) | |
| ) | Clerk, U.S. District & Bankruptcy |
| Defendant. ) | Courts for the District of Columbia |

**MOTION AND SUPPORTING MEMORANDUM
TO SEAL CRIMINAL INDICTMENT AND BENCH WARRANT**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court pursuant to Fed. R. Crim. P. 6(e)(4) to place under seal until further order of the Court the Indictment and Bench Warrant for Stephen Jin-Woo Kim, also known as Stephen Jin Kim, also known as Stephen Kim, also known as Leo Grace, in the above-captioned case, as well as the Government's Motion to Seal and this Court's Order sealing the aforesaid documents. In support of its motion, the Government states as follows:

1. An indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason, including, as recognized by the Rule itself, to take a defendant into custody and bring him or her before the court. See United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949); see also United States v. Sharpe, 995 F.2d 49 (5th Cir. 1993); United States v. Southland Corp., 760 F.2d 1366, 1379-80 (2d Cir. 1985); U.S. v. Lyles, 593 F.2d 182 (2d Cir. 1979).

2. Today, August 19, 2010, a grand jury returned an Indictment against the defendant, charging one count of Unauthorized Disclosure of National Defense Information, in

violation of 18 U.S.C. § 793(d), and one count of False Statements, in violation of 18 U.S.C. § 1001(a)(2). These charges relate to the defendant's unlawful disclosure of TOP SECRET/ SENSITIVE COMPARTMENTED INFORMATION (TS/SCI) to a reporter for a national news organization. The United States anticipates that the Court will grant its oral request for a bench warrant to be issued today for the arrest of the defendant on this Indictment.

3. Anticipating the issuance of a bench warrant for the arrest of the defendant, the United States is preparing for his arrest. In doing so, the United States intends to give the defendant the opportunity to self-surrender. Specifically, the United States intends to contact defense counsel, with whom the United States has had prior contact in this matter, and to notify him that his client must appear for a self-surrender. Prior to this notification, law enforcement officers will locate and maintain surveillance on the defendant until his self-surrender. If there is difficulty locating the defendant, the notification and the arrest will be delayed. If there is any indication of flight after the notification, then the defendant will be arrested.

4. Sealing of the Indictment and Bench Warrant is necessary because the defendant, who is a United States Government employee with TS/SCI security clearances (which have been suspended but not revoked), faces a jail sentence in this case. The defendant also faces the loss of his security clearances and the potential loss of his government employment as a direct result of the Indictment. The defendant, therefore, poses a risk of flight. The public disclosure of this Indictment at this time could jeopardize future plans to secure his arrest, because such disclosure could result in alerting him to his criminal liability and the imminency of his arrest. Concern for the need to apprehend the defendant constitutes a legitimate prosecutorial reason, and thus an appropriate basis, for an Order sealing the Indictment and Bench Warrant.

5. Accordingly, the United States submits that under <u>Washington Post v. Robinson</u>, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Bench Warrant, this Motion, and any Order to Seal, until such time as the defendant is arrested.

6. In addition, we request that the sealing Order permit disclosure of the Indictment to appropriate law enforcement and intelligence personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of efforts to capture or detain the defendant.

7. We also request that the sealing Order permit disclosure of the Indictment and Bench Warrant to defense counsel to allow for a self-surrender. This disclosure will occur after law enforcement officers locate the defendant, so that surveillance can be maintained until the defendant's self-surrender.

8. The United States requests that the Court issue an Order that provides for the automatic unsealing of the Indictment and the Bench Warrant when the defendant is arrested.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Indictment returned in this matter on this date, August 19, 2010, as well as sealing the Bench Warrant, this Motion, and the Court's sealing Order, until further order of this Court. A

proposed Order is submitted herewith.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

By: *[signature]*

G. MICHAEL HARVEY
Assistant United States Attorney
D.C. Bar Number 447-465
National Security Section
United States Attorney's Office
555 4th Street, N.W., Room 11-439
Washington, D.C. 20530
Phone: (202) 305-4155
Michael.Harvey2@usdoj.gov

*[signature]*

JONATHAN M. MALIS
Assistant United States Attorney
D.C. Bar Number 454-548
National Security Section
United States Attorney's Office
555 4th Street, N.W., Room 11-447
Washington, D.C. 20530
Phone: (202) 305-9665
Jonathan.M.Malis@usdoj.gov

*[signature]*

PATRICK T. MURPHY
Trial Attorney
NY Bar Number 2750602
Counterterrorism Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 305-7003
Patrick.Murphy@usdoj.gov

Dated: August 19, 2010