UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.: **CR-10-225** |
| | ) | |
| v. | ) | UNDER SEAL |
| | ) | |
| STEPHEN JIN-WOO KIM, | ) | |
| also known as Stephen Jin Kim, | ) | **FILED** |
| also known as Stephen Kim, | ) | AUG 19 2010 |
| also known as Leo Grace, | ) | |
| | ) | Clerk, U.S. District & Bankruptcy |
| Defendant. | ) | Courts for the District of Columbia |

## ORDER TO SEAL

Having considered the Government's Motion to Seal Criminal Indictment and Bench Warrant, which indictment was returned on August 19, 2010, and for good cause stated therein, the Court makes the following:

### FINDINGS OF FACT

1. Fed. R. Cr. P. 6(e)(4) permits the sealing of an indictment for any legitimate prosecutorial reason.

2. Sealing the Indictment and the Bench Warrant in the above-captioned matter will further the legitimate prosecutorial interest in locating and obtaining custody of the defendant, Stephen Jin-Woo Kim, also known as Stephen Jin Kim, also known as Stephen Kim, also known as Leo Grace.

3. The public docketing at this time of the Indictment, the Bench Warrant, the Government's Motion to Seal, and this Order, could compromise the Government's ability effectively to obtain custody of the defendant.

4. Accordingly, the Government submits that under Washington Post v. Robinson,

935 F.2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Bench Warrant, the Motion to Seal, and any Order to Seal, until such time as the defendant is arrested.

Based on the foregoing Findings of Fact, the Motion is hereby

GRANTED, and it is hereby

ORDERED that the Indictment and the Bench Warrant in the above-captioned matter be sealed by the Clerk of the Court until the defendant is arrested, except that the United States Government may disclose the existence and/or contents of the Indictment and the Bench Warrant in the above-captioned matter to appropriate law enforcement and intelligence personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of efforts to capture or detain the defendant. It is

FURTHER ORDERED that the United States Government may disclose the existence and/or contents of the Indictment and the Bench Warrant in the above-captioned matter to the attorney for the defendant for the purpose of self-surrender. This notification shall occur after the law enforcement officers locate the defendant for the purpose of maintaining surveillance on the defendant until his self-surrender. It is

FURTHER ORDERED that the Clerk's office shall not make any entry on the public docket in this case of the Indictment and the Bench Warrant in this case, the filing of the Government's Motion to Seal, and the Order granting such motion, until further order of this Court. It is

FURTHER ORDERED that the Government's Motion to Seal and this Order be sealed until further order of this Court, It is

FURTHER ORDERED the Indictment, the Bench Warrant, and this Order shall be automatically unsealed when the defendant is arrested. And it is

FURTHER ORDERED that the Clerk of the Court shall provide to the United States Attorney's Office certified copies of the Indictment and the Bench Warrant upon request.

Date: August 19, 2010

_____
UNITED STATES MAGISTRATE JUDGE

cc:  G. Michael Harvey
    Jonathan M. Malis
    Assistant United States Attorneys
    National Security Section
    555 4th Street, N.W., 11th Floor
    Washington, D.C. 20530