# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Abbe David Lowell
Attorney at Law
adlowell@mwe.com
+1 202 756 8001

September 14, 2010

### VIA EMAIL AND FIRST CLASS MAIL

G. Michael Harvey, Esquire
Jonathan M. Malis, Esquire
Assistant United States Attorneys
  for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20001

Patrick T. Murphy, Esquire
Trial Attorney
National Security Division
Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20530

Re:   **United States v. Kim, No. 1:10-cr-00225-CKK**

Gentlemen:

On behalf of our client, Stephen Kim, we hereby request that the government provide defense counsel with any document and/or information[1] subject to disclosure by the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b) of the Federal Rules of Evidence, the applicable rules of prosecutorial ethics,[2] the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's rulings in Brady v. Maryland, 373

---

[1] The word "document" and "information" includes, but is not limited to, reports, memoranda, faxes, instant messages, telexes, inter- or intra-agency transmissions, agents' notes, photographs, videos, audio recordings, letters, e-mails, papers, transcripts, printouts, contracts, checks, receipts, and all copies or portions thereof, and/or any other form of written, recorded or electronic communication.

[2] Prosecutorial ethics require disclosure at the earliest opportunity. *See* ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the *earliest feasible opportunity*, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused.") (emphasis added); ABA Model Rules of Professional Conduct, Rule 3.8(d) (2002) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense . . . .").

---

U.S. practice conducted through McDermott Will & Emery LLP.

600 Thirteenth Street, N.W.  Washington, D.C.  20005-3096  Telephone: +1 202 756 8000  Facsimile: +1 202 756 8087  www.mwe.com

September 14, 2010
Page 2

U.S. 83 (1963), and its progeny, including <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

The documents and information that we request include not only documents and information in the possession, custody, or control of your office, but also documents and information in the possession, custody, or control of any federal agency (including, without limitation, the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), the Department of State, and other agencies with which you have been working on this investigation. <u>See, e.g.</u>, <u>United States v. Perdomo</u>, 929 F.2d 967, 970-71 (3d Cir. 1991); <u>United States v. Bryan</u>, 868 F.2d 1032, 1036 (9th Cir. 1989); <u>United States v. Deutsch</u>, 475 F.2d 55, 57 (5th Cir. 1973); <u>United States v. Bryant</u>, 439 F.2d 642, 650 (D.C. Cir. 1971).

A.      <u>Indictment Particulars</u>

Mr. Kim requests more particular information about the allegations in the Indictment as follows:

1.      In Count One of the indictment, please provide the dates encompassed by the phrase "in or about June 2009";

2.      In Count One, please provide the locations described as "elsewhere";

3.      In Count One, please provide the intelligence report, the last six digits of which are "3630-09";

4.      In Count One, please provide the identity of the nation described as "a particular foreign nation";

5.       In Count One, please provide information about the "intelligence sources and/or methods" referred to;

6.      In Count One, please provide the identity of the person described as "a reporter for a national news organization";

7.      In Count One, please identify the organization described as "a national news organization";

8.      In Count Two of the indictment, please provide the identity of the "named reporter";

9.      In Count Two, please provide the identity of the "national news organization";

10.     In Count Two, please provide the dates encompassed by the phrase "in or about March 2009"; and

September 14, 2010
Page 3

11.     In Count Two, please provide information relating to what is meant by "repeated contact"

B.     <u>Discovery Requests under Rule 16[3]</u>

1.     That portion of any written record containing the substance of any oral statement made by Mr. Kim, whether before or after indictment, in response to interrogation by any person then known to the defendant to be a government agent. Fed. R. Crim. P. 16(a)(1)(A). This request includes, without limitation, all documents, including notes (e.g. FBI 302 Forms), prepared by an FBI employee or agent that contain the substance of any statement made by either defendant. In this regard and especially because of the allegations under 18 U.S.C. § 1001, we request copies of the agents' notes for any interviews with Mr. Kim.

2.     Any and all written or recorded statements made by Mr. Kim within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecution. Fed. R. Crim. P. 16(a)(1)(B).

3.     A copy of any prior criminal record the government may claim to exist for Mr. Kim. Fed. R. Crim. P. 16(a)(1)(D).

4.     Copies of or access to all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof that were obtained from or belonging to Mr. Kim at the time of the alleged offenses. Fed. R. Crim. P. 16(a)(1)(E). Included in this request are copies of the hard drives or other electronic data taken from Mr. Kim's work or personal computers or laptops and a copy of his passport.

5.     Copies of or access to all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof that the prosecution intends to use at trial during its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E). This includes not only those materials that will be marked or offered into evidence, but also those materials that will be relied on or referred to in any way by any witness (including any "expert" witness) called by the prosecution during its case-in-chief.

---

[3] We have organized these requests pursuant to the authority that appears most applicable, but we recognize that many of the materials and information we have requested are subject to production pursuant to more than one and other authorities as well. Similarly, we recognize the possibility that the materials and information we have requested may be subject to production pursuant to a different authority than that identified in the header. While we nevertheless hope this organizational system is useful to you, we do not mean to foreclose any of our client's rights by organizing our requests in this manner. Accordingly, please treat each request as having been made pursuant to all of the authorities identified in the first paragraph of this letter.

September 14, 2010
Page 4

6.     Copies of or access to all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof that are material to the presentation of the defense, Federal Rule of Criminal Procedure 16(a)(1)(E), including, but not limited to those items set forth in paragraphs 7-18 below.

7.     All documents or information relating to the defendant that were introduced as exhibits before the grand jury or that were obtained by or for the grand jury pursuant to any grand jury or trial subpoena.

8.     All documents or information relating to Mr. Kim obtained from any witness who testified before the grand jury.

9.     All documents or information relating to Mr. Kim obtained from any person who was interviewed or consulted during the course of the grand jury investigation.

10.    All documents or information relating to Mr. Kim obtained from any federal government, regulatory or legislative body or agency or government contractor.

11.    All documents or information relating to Mr. Kim obtained from any foreign government or entity.

12.    All photographs, videos or audio recordings the government has obtained as part of the investigation of this case.

13.    All documents or information obtained from any news medium concerning articles that reported the information referred to in the indictment.

14.    All documents or information concerning telephone, e-mail or other electronic communications of any member of the news media obtained by the government as part of the investigation of this case.

15.    All documents or information concerning the entries and departures of personnel of the Bureau of Verification, Compliance and Implementation of the Department of State and members of the news media from March 1, 2009 through September 30, 2009.

16.    All documents or information that identify or describe each individual responsible for obtaining or transmitting the information that found its way into the intelligence report described in the indictment.

17.    All documents or information that identify or describe each individual who had access to the intelligence report described in the indictment from June 10, 2009 through June 30, 2009.

September 14, 2010
Page 5

18.     All documents or information that identify or describe each individual to whom
        the intelligence report described in the indictment was distributed or its contents
        disclosed from June 10, 2009 through June 30, 2009.

The documents requested above are material to the defendant's preparation of a defense
relating to the offenses charged, including whether the events alleged in the indictment actually
occurred and the defendants' involvement, knowledge, and intent with respect to the alleged
events.  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i), Mr. Kim is entitled to
production of documents that will assist him in developing evidence to negate the charges set
forth in the indictment.  The requested documents will also play a critical role in uncovering
admissible evidence, aiding with witness preparation, and corroborating testimony.

C.      Specific Requests under *Brady/Agurs/Giglio*/Fifth Amendment

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United
States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972), the
defendant requests disclosure of all exculpatory or impeaching material in the United States'
possession, custody, or control, the existence of which is known, or by the exercise of due
diligence may become known, by the government (whether in documents, interview memoranda,
agent notes, grand jury transcripts, or otherwise) including but not limited to:

1.      All documents or information indicating or tending to establish that any of the
        allegations in the indictment might not be true.

2.      All interviews or statements by potential witnesses that contain exculpatory
        statements, regardless of whether those statements would later be discoverable as
        Jencks material.

3.      All documents or information indicating or tending to establish that Mr. Kim
        lacked the requisite intent to be guilty of the crimes charged (e.g., he was not
        operating in "bad faith," his intent was not to injure the interests of the United
        States, he was not working on behalf of any foreign country).

4.      All documents or information from which the underlying intelligence agency
        report was prepared.

5.      All documents or information reflecting a classification status different than the
        overall underlying intelligence agency report for any part or portion of the
        substantive information in that report.

6.      All documents or information from other federal agencies at around the same time
        of the underlying intelligence agency report on the same subject.

September 14, 2010
Page 6

7.     All documents or information that reflect any intelligence agency damage assessments that were done from June 2009 to the present as a result of the news article in question in this case.

8.     All documents or information that reflect statements made by people interviewed by the government after the news article(s) in question in this case in which the person made statements about the significance or lack of significance of the disclosure of the information described in this case to the national security interests of the United States.

9.     All documents or information that reflect any other individual the government investigated to determine the source of the information included in the news article(s) in question in this case.

10.    All documents or information that reflect the public disclosure of any of the information contained in the news article in question in this case found in other public sources and whether the government attempted to find the source of those other disclosures.

11.    All consideration or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials— including prosecutors or agents, police or informers—to or on behalf of any witness the prosecutor intends to call at trial, or at one time considered to call to trial, or any such consideration or promises expected or hoped for by any such witness at any future time.  Such "consideration" refers to anything that arguably could be of value or use to a witness, including but not limited to formal or informal, direct or indirect, leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, or any other matter involving the state, territorial or federal government, any other authority, or other parties; civil, criminal, or tax immunity grants; payments of money, rewards or fees, and special witness fees, provision of food, clothing, transportation, legal services, or other benefits; letters to help the status of the witness; and anything else that arguably could reveal an interest, motive or bias in the witness in favor of the prosecution or against the defendant or act as an inducement to testify or to color his or her testimony.

12.    All statements—formal and informal, oral or written—by the prosecution, its agents, and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course, or outcome of any government action—state, territorial or federal, criminal or civil—or immigration matters against the witness, or anyone related by blood or marriage to the witness.

September 14, 2010
Page 7

13.     All inducements or threats, express or implied, direct or indirect, or other coercion directed against any witness or anyone related by blood or marriage to the witness, whom the prosecutor intends to call at trial; criminal prosecutions, investigations or potential prosecutions pending or which could be brought against any such witness or anyone related by blood or marriage to the witness; any probationary, parole, or deferred prosecution status of any such witness or anyone related by blood or marriage to the witness; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions involving any such witness, or anyone related by blood or marriage to the witness, and the state or federal government, or over which the state or federal government has real, apparent, or perceived influence.

14.     All documents and other information regarding drug and alcohol usage and/or dependency by any individual the United States intends to use as a witness at trial, including but not limited to records relating to treatment of such individual in any federal, state, territorial, city, or military drug or detoxification program.

15.     Any material not otherwise listed that reflects or evidences the motivation of any witness to cooperate with the United States or reflects or evidences the competency or credibility of the United States' witness, or the witness's bias or hostility against any defendants.

16.     All statements or documents, including but not limited to grand jury testimony, executed by any potential prosecution witness, which the prosecution knows, or through reasonable diligence should have reason to know, is inaccurate or false.

17.     All written or oral statements, whether or not reduced to writing, made by any potential prosecution witness, which in any way contradicts or is inconsistent with other oral or written statements, whether or not reduced to writing, made by any person, whether or not a witness.

18.     All requests prepared by the prosecution for permission to grant immunity (formal or informal) or leniency for any witness, regardless of whether or not such request was granted.

19.     The names and addresses of all persons whom the prosecution, its agents and representatives believe to have relevant knowledge or information with reference to the charges contained in the Indictment but whom the prosecution does not intend to call as witnesses at trial.

20.     Copies of all documents, statements, and any other evidence including but not limited to a written summary of all oral evidence and statements now known to the United States or that may become known to the United States or that through

September 14, 2010
Page 8

due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with the investigation, that are exculpatory in nature or favorable to either defendant, or tend to negate or mitigate the guilt of either defendant, as to the offenses charged, or would tend to reduce the punishment therefore.

21.   Copies of any and all records of law enforcement or other governmental agencies reflecting intradepartmental disciplinary action taken against any law enforcement agency for which the witness previously worked.

D.   Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments and Federal Rule of Evidence 404(b), we request that the prosecution disclose all evidence of any similar crimes, wrongs, or acts allegedly committed by the defendant, upon which the prosecution intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake or accident.

E.   Suppression Issues

As a predicate to motions pursuant to Federal Rule of Criminal Procedure 12, we request that we be informed if any search warrants, Title III communications interceptions, or FISA interceptions or searches were conducted as part of the investigation of this case.

F.   Grand Jury

The defendant requests that the prosecution disclose the empanelment date of the grand jury that heard evidence concerning this case; the record of the empanelment of the grand jury and selection of grand jurors; the dates on which each such grand jury sat and the number of grand jurors present on those dates; the dates on which each grand juror was in attendance; the identities of all persons to whom grand jury materials were disclosed; whether any persons were present during grand jury proceedings other than the grand jurors, witnesses, court reporter, and the Assistant United States Attorneys; the instructions provided to the grand jury before the indictment was returned; and the voting record and record of return in open court of the indictment.

September 14, 2010
Page 9

Please let us know when we can begin to receive the discovery information requested. We will supplement these requests as we continue our preparation for trial.  Should you have any questions or wish to discuss any of these requests further, please contact me.

Sincerely,

Abbe David Lowell