# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Abbe David Lowell
Attorney at Law
adlowell@mwe.com
+1 202 756 8001

November 8, 2010

**VIA EMAIL**

G. Michael Harvey, Esquire
Jonathan M. Malis, Esquire
Assistant United States Attorneys
  for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20001

Patrick T. Murphy, Esquire
Trial Attorney
National Security Division
Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530

   Re:  **United States v. Kim, No. 1:10-cr-00225-CKK**

Gentlemen:

  On behalf of our client, Stephen Kim, we are writing to supplement our initial requests for discovery. In our discovery letter dated September 14, 2010, we requested that the government provide defense counsel with any document and/or information[1] subject to disclosure by the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b) of the Federal Rules of Evidence, the applicable rules of prosecutorial ethics, the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's ruling in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972).

  As it now appears that there will be more data than we may be able to organize or review and because, especially in the electronic media, the government can put us in a position to be

---

[1] The word "document" and "information" includes, but is not limited to, reports, memoranda, faxes, instant messages, telexes, inter- or intra-agency transmissions, agents' notes, photographs, videos, audio recordings, letters, e-mails, papers, transcripts, printouts, contracts, checks, receipts, and all copies or portions thereof, and/or any other form of written, recorded or electronic communication.

U.S. practice conducted through McDermott Will & Emery LLP.

600 Thirteenth Street, N.W. Washington, D.C. 20005-3096  Telephone: +1 202 756 8000  Facsimile: +1 202 756 8087  www.mwe.com

November 8, 2010
Page 2

"finding that needle in a haystack," we are also making a specific request, pursuant to Fed. R. Crim. P. 12(b)(4)(B) and Fed. R. Crim. P. 16(a)(1)(E)(ii), for copies of or access to all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof that the prosecution intends to use at trial during its case-in-chief. This request includes not only those materials that will be marked or offered into evidence, but also those materials that will be relied on or referred to in any way by any witness (including any "expert" witness) called by the prosecution during its case-in-chief.

Also, based on your request that we put it in writing, we are including in our specific *Brady* requests any information that refutes the suggestions the government has been making to witnesses concerning the possible motive of our client to commit the acts for which he has been charged. As we mentioned when we met last, government agents have suggested to witnesses a number of theories and we understand that on at least many occasions, those witnesses have contracted those theories. We believe these contradictions to be exculpatory and request that the statements be provided to us.

All of the material we have requests are material to the defendant's preparation of a defense relating to the offenses charged, including whether the events alleged in the indictment actually occurred and the defendant's involvement, knowledge, and intent with respect to the alleged events. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i), Mr. Kim is entitled to production of documents that will assist him in developing evidence to negate the charges set forth in the indictment. The requested documents will also play a critical role in uncovering admissible evidence, aiding with witness preparation, and corroborating testimony.

Please let us know when we can expect to receive the discovery information requested. We will supplement these requests as we continue our preparation for trial. Should you have any questions or wish to discuss any of these requests further, please contact me.

Sincerely,

Abbe David Lowell