**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| )                                   | Case No. CR-10-225 (CKK) |
| v.                                  ) | |
| )                                   | |
| STEPHEN JIN-WOO KIM,                ) | |
| )                                   | |
| Defendant.            )             | |

**JOINT STATUS REPORT**

Defendant Stephen Jin-Woo Kim and the United States of America (collectively, the "Parties"), through their undersigned counsel, submit this Joint Status Report pursuant to the Court's November 18, 2011, Order.

**I.     Security Issues**

   A.    Clearances

Counsel for Mr. Kim, Abbe D. Lowell, Keith M. Rosen, and Scott W. Coyle of Chadbourne & Parke LLP, all have current security clearances for purposes of this case, as does one legal assistant for Mr. Kim, Michelle Chasse.

   B.    Protective Orders/MoUs

On October 13, 2010, the Court entered the first CIPA Protective Order pursuant to the Government's Unopposed Motion for Protective Orders. Counsel for Mr. Kim has filed all necessary Memoranda of Understanding with the Court and with the Classified Information Security Officer and has served executed originals of those documents upon the United States.

**II.    Discovery**

Since the last Status Hearing, the United States has made additional productions of classified material to the defense. Specifically, the United States produced approximately 28

pages of classified material, including a classified FBI 302, underlying agents' notes, related interview materials, and emails.  In total, the United States has produced approximately 3,081 pages of classified discovery in this matter.  Since the last Status Hearing, the United States has not produced any additional unclassified material, beyond the approximately 16,283 pages of unclassified material produced to date in this matter.  With respect to much of this material (classified and unclassified), the United States has produced it to the defense notwithstanding the fact that the government believes that such production exceeds its discovery obligations at this time.

As described in prior Joint Status Reports and Status Hearings, the Parties have held numerous meet-and-confer sessions to discuss the production of any additional material in response to the defense's discovery requests and to narrow any issues for the Court's resolution.  On August 31, 2012, the United States filed with the Court a Notice of Filing, attaching the latest comprehensive exchange of letters between the Parties (i.e., the defense's revised discovery letter dated June 22, 2012, and the government's responsive letter dated August 27, 2012), reflecting in detail the progress made to date in resolving or narrowing the defense's requests.

Additionally, the United States has advised the defense that it expects to produce shortly additional classified material pertaining to a discrete matter referenced in the last Joint Status Report and mentioned at the last Status Hearing.[1]  In sum, the undersigned prosecutors had learned that the intelligence report identified in the Indictment had been used for purposes of drafting a separate intelligence product, which product was never finalized prior to the

---

[1] Counsel for Mr. Kim note that in the last Status Report, and during the September 5, 2012, Status Hearing, the Parties made reference to two different categories of outstanding potential discovery materials: (a) any remaining materials to be produced in response to the pending defense discovery requests; and (b) materials relating to the "discrete matter."  *See* Joint Status Report, Aug. 3, 2012 (Docket Item 79) at 3-4.  Counsel for Mr. Kim do not know the volume or nature of what documents still remain to be produced.

unauthorized disclosure at issue. Some of the drafting occurred within the time period deemed relevant by the Parties. The undersigned prosecutors have completed their review of classified material relating to this discrete matter and are awaiting authorization from the Intelligence Community to produce classified material related thereto to the defense. The undersigned prosecutors expect this to occur in 30 days.

### III.   Proposed Briefing Schedule on Motions to Compel

At the most recent status conference on September 5, 2012, the Court addressed the question of whether litigation on any discovery motions should be postponed until after the United States has completed its production. While the undersigned prosecutors advised the defense that they are prepared to litigate now the outstanding discovery disputes reflected in the Parties' June 22, 2012, and August 27, 2012, discovery letters, the defense maintained that it would not be appropriate to proceed with discovery motions while the government's review and production of discovery materials remains ongoing.

The Court decided not to set a briefing schedule on discovery motions while the government's discovery process was pending. Given that the prosecutors are still awaiting authorization from the Intelligence Community to produce classified material, and given that that process may take an additional thirty (30) days -- which is in addition to the original sixty (60) estimate that the government made at the September 5 hearing -- counsel for Mr. Kim submit that it remains inappropriate to set a motions schedule at this time.

Accordingly, the parties would propose another Status Hearing in 30 days. If the Court is inclined to set a briefing schedule at this time, the Parties have conferred and would respectfully propose in this regard that the Court impose a schedule providing: (a) the defendant 60 days from December 6, 2012 (i.e., February 4, 2013), to file its initial discovery motions; (b) the

government 45 days from that date (i.e., March 21, 2013) to file its responses; and (c) the defendant until April 4, 2013, to file any replies. Hearings on those motions would be scheduled at the Court's convenience.

## IV.  Witness Issues

### A.  Fact Witnesses

The Parties have no issues to report concerning fact witnesses.

### B.  Expert Witnesses

Neither Party has indicated a decision to use any expert witnesses nor has identified any such witnesses. Defense counsel will seek a procedure where potential expert witnesses may have access to the classified materials in the case.

## V.  Motions

### A.  Dispositive Motions

In a written memorandum opinion and order, issued on August 24, 2011, the Court denied three pretrial motions filed by the defense. Pending before the Court is the defense's fourth pretrial motion, a motion to suppress statements.

### B.  Government's CIPA § 4 Motion

On September 7, 2012, pursuant to the Court's CIPA Protective Order, the United States gave notice that it had filed with the Court, through the Classified Information Security Officer, a pleading entitled the "Government's Ex Parte, In Camera, Under Seal Motion and Memorandum of Law for a Protective Order Pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1)" ("CIPA § 4 Motion"). The defense filed a Response to the government's CIPA § 4 Motion, to which the United States filed a Reply. In turn, the defense filed a Sur-reply.

### C.  Motions to Compel

See above.

## VI. CIPA §§ 5 and 6

Once classified discovery has been completed, the Parties can address with the Court the various CIPA procedures and schedule for addressing the use of classified material at trial. It is not possible to suggest such a schedule until the discovery issues have been resolved.

## VII. Trial

Given the complexity and sensitivity of the issues likely to be raised in CIPA proceedings in this case, as well as the delays that are frequently concomitant with that process, the Parties estimate that this matter will not be ready for trial before May 2013.

Dated: November 2, 2012

Respectfully submitted,

/s/_____
G. Michael Harvey (D.C. Bar No. 447465)
Jonathan M. Malis (D.C. Bar No. 454548)
Assistant United States Attorneys
National Security Section
United States Attorney's Office
555 4th Street, N.W., 11th Floor
Washington, D.C.  20530
(202) 252-7810 (Telephone) (Harvey)
(202) 252-7806 (Telephone) (Malis)
(202) 252-7792 (Facsimile)
Michael.Harvey2@usdoj.gov
Jonathan.M.Malis@usdoj.gov

/s/_____
Deborah A. Curtis (CA Bar No. 172208)
Trial Attorney
Counterespionage Section
U.S. Department of Justice
600 E Street, N.W.
Washington, D.C.  20005
(202) 233-2113 (Telephone)

Deborah.Curtis@usdoj.gov

*Counsel for the Government*

/s/_____
Abbe D. Lowell (D.C. Bar No. 358651)
Keith M. Rosen (D.C. Bar No. 495943)
Scott W. Coyle (D.C. Bar No. 1005985)
CHADBOURNE & PARKE LLP
1200 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 974-5605 (Telephone) (Lowell)
(202) 974-5687 (Telephone) (Rosen)
(202) 974-5713 (Telephone) (Coyle)
(202) 974-6705 (Facsimile)
ADLowell@Chadbourne.com
KRosen@Chadbourne.com
SCoyle@Chadbourne.com

*Counsel for defendant Stephen Kim*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2012, I caused a true and correct copy of the foregoing be served via the Court's ECF filing system to all counsel of record in this matter.

/s/_____
Jonathan M. Malis
Assistant United States Attorney