**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No. CR-10-225 (CKK) |
| v. ) | |
| ) | |
| STEPHEN JIN-WOO KIM, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

Defendant Stephen Kim and the United States of America (collectively, the "Parties"), through their undersigned counsel, submit this Joint Status Report pursuant to the Court's December 13, 2012, Order.

**I.   Security Issues**

   A.   Clearances

There have been no changes since the last status report.

   B.   Protective Orders/MoUs

There have been no changes since the last status report.

**II.   Discovery**

   A.   Classified & Unclassified Discovery

Since the last Status Hearing, the United States has made one additional production of classified material to the defense, consisting of phone logs and a calendar entry. In total, the United States has produced approximately 3,203 pages of classified discovery in this matter. In total, the United States has produced approximately 16,286 pages of unclassified material produced to date in this matter. With respect to much of this material (classified and

unclassified), the United States has produced it to the defense notwithstanding the government's belief that such production exceeds its discovery obligations at this time.

B.  CIPA § 4 Motions

On September 7, 2012, the government filed its First Ex Parte CIPA § 4 Motion with the Court. After briefing by the parties, the Court issued an Order on December 10, 2012, permitting the defense to file an ex parte memorandum describing its theory of the defense. The defense filed its ex parte memorandum on December 17, 2012.

On January 18, 2013, the government filed its Second Ex Parte CIPA § 4 Motion. On April 5, 2013, the government filed its Third Ex Parte CIPA § 4 Motion. The defense has not addressed these additional filings and will ask the Court at the next status conference if it should supplement its earlier response. All three of the government's CIPA § 4 Motions are currently pending before the Court.

C.  Motions to Compel Discovery

Pursuant to the Court's December 13th Order, the defense filed its Motions to Compel Discovery on February 11, 2013. The government filed its Opposition on April 5, 2013, and the defense filed its Reply on April 19, 2013. The defense's Motions to Compel Discovery are currently pending before the Court.

D.  Preparations for CIPA

The Parties agree that the defense cannot file its CIPA § 5 notice until after the Court rules on the pending Motions to Compel and classified discovery consistent with the Court's anticipated rulings is complete. To begin preparing its CIPA § 5 notice, the defense wrote a letter to the government on April 29, 2013, requesting the classification status of certain materials produced by the government during classified discovery. As background, to facilitate

discovery in this case, the government produced certain documents as part of classified discovery that were marked "treat as classified" despite the fact that they had not yet been subject to a classification review by an appropriate classification authority and did not bear classification markings. Although the Parties agree that this was a reasonable approach for purposes of expediting discovery, defense counsel notified the government by letter on April 29, 2013, that the application of the "treat as classified" legend is insufficient to trigger CIPA treatment of those documents, as CIPA is limited to information that is actually classified "pursuant to an Executive order, statute, or regulation." CIPA § 1(a), 18 U.S.C. App. 3 § 1(a).

The Parties held a meet-and-confer session on May 6, 2013, to discuss the defense's letter. On May 14, 2013, defense counsel notified the government by letter that the defense requests the results of the government's official classification review of these materials in order to determine whether they contain "classified information" and are therefore subject to CIPA (which requires notice of any "classified information" the defense intends to use). By the defense's estimation, this pertains to no more than a few hundred pages of discovery to date. The Parties are working to resolve this issue. Without conceding that the defense's characterization of the government's obligations under CIPA § 5 is correct, the government expects to respond to the defense request shortly.

### III. Proposed CIPA Schedule

As mentioned, the parties agree that they will be ready to begin the CIPA §§ 5, 6 process once all the classified discovery has been produced – that is, after: (1) the Court rules on the government's CIPA § 4 Motions and the defense's Motions to Compel Discovery; and (2) the government completes production of all classified documents as may be ordered by the Court in its rulings on the CIPA § 4 Motions and the Motions to Compel. The Parties agree that

beginning the CIPA process sooner would be inefficient, as supplemental pleadings and hearings would be required once additional discovery was produced.  The defense also believes that it will not be ready to begin the CIPA §§ 5, 6 process until the defense receives marked copies of any "treat as classified" documents that actually contain classified information, as described in its letters of April 29 and May 14, 2013.

The defense proposed the following:

- The defense shall file its CIPA § 5 notice no later than 30 days after the government completes production and marking of all classified documents.

- The government shall file its responsive motion under CIPA § 6(a) no later than 15 days after the filing of the defense's CIPA § 5 notice.

- Hearings under CIPA § 6(a) would be scheduled at the Court's convenience following the filing of the governments CIPA § 6(a) response.

- At the conclusion of the § 6(a) hearings, and in conjunction with the issuance of the Court's written CIPA § 6(a) Order, the parties would then propose a schedule for any additional proceedings under CIPA §§ 6(c) and/or 6(f).

The government proposed that the Court set a status hearing for 10 days after the Court's rulings on the discovery motions, to give the Parties an opportunity to assess the rulings and propose a schedule for the completion of any discovery ordered by the Court, filing of the defense's CIPA § 5 notice, the government's objection if any to the adequacy of the defense's CIPA § 5 notice, and the Parties' CIPA § 6 pleadings.  The defense does not object to the government's proposal.

...

**IV.   Witness Issues**

    A.   <u>Fact Witnesses</u>

There have been no changes since the last status report.

    B.   <u>Expert Witnesses</u>

There have been no changes since the last status report.

**V.   Motions**

    A.   <u>Dispositive Motions</u>

On August 24, 2011, the Court denied three pretrial motions filed by the defense. The defense's fourth pretrial motion, a motion to suppress statements, remains pending before the Court.

    B.   <u>Government's CIPA § 4 Motion</u>

As noted above, the government has filed three CIPA § 4 Motions, which are currently pending before the Court.

    C.   <u>Motions to Compel</u>

As noted above, the defense has filed four Motions to Compel Discovery, which are currently pending before the Court.

**VI.   Trial**

There are complex and sensitive issues that are likely to be raised in CIPA proceedings in this case. As well, delays are frequently concomitant with that process. With discovery motions still pending (i.e., the government's CIPA § 4 and the defense's Motions to Compel), it is

unlikely that this case will be ready for trial before the first quarter of 2014.

Dated: May 17, 2013        Respectfully submitted,

/s/_____
G. Michael Harvey (D.C. Bar No. 447465)
Jonathan M. Malis (D.C. Bar No. 454548)
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W., 11th Floor
Washington, D.C. 20530
(202) 252-7810 (Telephone) (Harvey)
(202) 252-7806 (Telephone) (Malis)
(202) 252-7792 (Facsimile)
Michael.Harvey2@usdoj.gov
Jonathan.M.Malis@usdoj.gov


/s/_____
Deborah A. Curtis (CA Bar No. 172208)
Trial Attorney
Counterespionage Section
U.S. Department of Justice
600 E Street, N.W.
Washington, D.C. 20005
(202) 233-2113 (Telephone)
Deborah.Curtis@usdoj.gov

*Counsel for the Government*


/s/_____
Abbe D. Lowell (D.C. Bar No. 358651)
Keith M. Rosen (D.C. Bar No. 495943)
Scott W. Coyle (D.C. Bar No. 1005985)
CHADBOURNE & PARKE LLP
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 974-5605 (Telephone) (Lowell)
(202) 974-5687 (Telephone) (Rosen)
(202) 974-5713 (Telephone) (Coyle)

>(202) 974-6705 (Facsimile)
>ADLowell@Chadbourne.com
>KRosen@Chadbourne.com
>SCoyle@Chadbourne.com
>
>*Counsel for Defendant Stephen Kim*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2013, I caused a true and correct copy of the foregoing be served via the Court's ECF filing system to all counsel of record in this matter.

>/s/
>Jonathan M. Malis
>Assistant United States Attorney