**FILED**

**JUL 2 4 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

vs.

STEPHEN JIN-WOO KIM,

Defendant.

**REDACTED**

Criminal No. 10-255 (CKK)

Filed with Classified
Information Security Officer
CISO _____
Date ___ May 30 2013

MEMORANDUM OPINION
(May 30, 2013)

Defendant Stephen Jin-Woo Kim is charged by indictment with one count of unauthorized disclosure of national defense information in violation of 18 U.S.C. § 793(d), and one count of making false statements in violation of 18 U.S.C. § 1001(a)(2). Presently before the Court is the Defendant's [98-4] Fourth Motion to Compel Discovery (Regarding Improper ▓▓▓▓▓▓ Substitutions and Redactions).[1]  Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Defendant's Fourth Motion to Compel is DENIED. To the extent necessary and relevant, the Court supplements the reasoning set forth in this Memorandum Opinion in the memorandum opinion resolving the Government's *ex parte* motions for a protective order. Procedurally, the Court addresses the Defendant's and the Government's motions separately, but the decisions regarding each party's respective motions are consistent.

---

[1]  The Court addresses the Defendant's First, Second, and Third Motions to Compel under separate cover.

[2]  Def.'s First Mot., ECF No. [98-4]; Gov't's Omnibus Opp'n ("Gov't's Opp'n"), ECF No. [99]; Def.'s Omnibus Reply ("Def.'s Reply"), ECF No. [101]; Gov't's Supp'l, ECF No. [106].

REDACTED / CLEARED FOR PUBLIC RELEASE

# I. BACKGROUND

A.     *Factual Background*



---

[3] For purposes of this motion, the Court cites to the Government's factual background for relevant and undisputed background information.

**REDACTED / CLEARED FOR PUBLIC RELEASE**

[REDACTED]

At or about 3:10 PM that same day, James Rosen, a Fox News reporter working out of the State Department headquarters, published an article entitled "North Korea Intends to Match U.N. Resolution with New Nuclear Test." Gov't's Opp'n at 8; Def.'s First Mot., Ex. 2 (Rosen Article).

[REDACTED]

In June 2009, the Defendant was detailed from the Lawrence Livermore National Laboratory to the State Department's Bureau of Verification, Compliance, and Implementation ("VCI"). Gov't's Opp'n at 11. As part of his detail, the Defendant served as the Senior Advisor for Intelligence to the Assistant Secretary of State for VCI. *Id.* Based on evidence detailed in the Government's Opposition, the Government contends the Defendant disclosed the contents of the [REDACTED] report to Mr. Rosen. *Id.* at 9-25. The Government obtained an indictment against the Defendant for unauthorized disclosure of national defense information, and one count of making false statements in connection with the Defendant's statements to the FBI during its investigation of the alleged leak.

---

[4] The report is also referred to as [REDACTED] by the parties. *See* Def.'s First Mot., Ex. 1 at 1.

REDACTED / CLEARED FOR PUBLIC RELEASE

B.      *Discovery & Motion Practice*

     1.      The Access List

Throughout discovery in this matter, the Government has provided the Defense with a running list of individuals who may have accessed the ███████ report, referred to as the "Access list." *See* Def.'s Fourth Mot., Ex. 1 (Access list). The list includes any individual that may have accessed the ███████ report.[5] Gov't's Opp'n at 76. The list is over-inclusive in that it includes individuals whom the Government was unable to determine whether they (1) actually accessed the ███████ report; or (2) accessed the report before the Rosen article was published. 3/8/11 Ltr. G. Harvey to A. Lowell, ECF No. [58-13], at 2. The Government disclosed ███████ individuals on the Access list. ███████

███████ *Id.*; Def.'s Mot. at 4.[6]

███████

███████ *Id.* at 3. The initial Access list produced by the Government contained 118, ███████ 6/16/11 Ltr. G. Harvey to A. Lowell, ECF No. [58-19], at 2-5. The list has subsequently grown to include a total of 168 individuals, ███████ Def.'s Mot. at 3.

--------

    [5] The parties' pleadings are somewhat vague, but it appears the Access list includes any individual that may have accessed ███████ *See* Proposed Order ¶ 1 (seeking an order requiring the Government to disclose ███████ (emphasis added).

    [6] Unless otherwise indicated, all references to "Defendant's Motion" refer to the Defendant's Fourth Motion to Compel.

REDACTED / CLEARED FOR PUBLIC RELEASE

2.    Motion Practice

On September 7, 2012, the Government filed its First *Ex Parte* Motion for a Protective Order Pursuant to CIPA § 4 and Federal Rule of Criminal Procedure 16(d)(1), which seeks authorization under section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4, and Federal Rule of Criminal Procedure 16(d)(1) for the redactions and substitutions made during discovery. *See generally* Gov't's First *Ex Parte* Mot., ECF No. [81]. The Court permitted the Defendant to provide an *ex parte* submission to the Court detailing, to the extent the Defendant deemed appropriate, his anticipated defenses at trial, for the Court's consideration in resolving the Government's *ex parte* motion. Def.'s *Ex Parte* Mem. Concerning the Theory of the Defense, ECF No. [96]. The Government has since filed two additional *ex parte* motions for protective orders, the latter of which also serves as an *ex parte* addendum to its Opposition to the Defendant's four motions to compel and attached unredacted versions of some of the documents at issue in the Defendant's First Motion to Compel. The Court further ordered the Government to submit unredacted versions of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to the Court for review, accompanied by a supplemental pleading explaining certain redactions. *See* Gov't's Suppl., ECF No. [106].[7] The Court considered each of these submissions in addition to the parties' briefs in resolving the Defendant's Fourth Motion to Compel.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 16(e), "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy" any item that is within the Government's "possession, custody, or control," and is "material to preparing the defense." Fed. R. Cr. P. 16(e). The Government must disclose information sought under this rule "only if such

---

[7] The Government submitted the unredacted copies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to the Court on a read and return basis.

REDACTED / CLEARED FOR PUBLIC RELEASE

evidence enables the defendant significantly to alter the quantum of proof in his favor." *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (citation omitted).

A more stringent, three-part test applies where the Defendant seeks classified information from the Government. First, the Defendant must show that the information sought "crosses[es] the low hurdle of relevance." *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989). Second, the Court "should determine if the assertion of privilege by the government is at least a colorable one." *Id.* Finally, the Defendant must show that the information sought "is at least 'helpful' to the defense of [the] accused.'" *Id.* (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)). "This standard applies with equal force to partially classified documents." *Al Odah v. United States*, 559 F.3d 539, 544 (D.C. Cir. 2009) (citing *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998)).

The Defendant further moves to compel pursuant to *Brady v. Maryland*. "*Brady* and its progeny hold that due process requires the disclosure of information that is 'favorable to the accused, either because it is exculpatory, or because it is impeaching' of a government witness." *United States v. Mejia*, 448 F.3d 436, 456 (D.C. Cir. 2006) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). "While *Brady* information is plainly subsumed within the larger category of information that is 'at least helpful' to the defendant, information can be helpful without being 'favorable' in the *Brady* sense." *Id.* Accordingly, the Defendant's request for exculpatory information under *Brady* is subsumed within the Court's analysis of whether requested information would be useful to the defense.

## III. DISCUSSION

REDACTED / CLEARED FOR PUBLIC RELEASE

████████████████████████████████████████████████████

the Court turns to the merits of the Defendant's motion. The

Defendant raises two objections to the Government's substitution ███████████ (1)

the Government's practice of substituting ██████ before seeking permission from the Court is

procedurally improper; (2) the Defendant is entitled to ██████████████████

███ under *Yunis*. With respect to the Defendant's procedural objection, the Defendant has not

been prejudiced, and likely benefited significantly from the Government's practice. In any

event, the Defendant's procedural objection is now moot because the Government has moved for

a protective order authorizing the substitutions in question. In terms of his substantive request

for disclosure of █████████████████████ the Court finds that, on the present

record, the Defendant has failed to make a sufficient showing ███████████████

███████████████████████████████ would be

relevant and helpful to the defense. Accordingly, on this record, the Court shall deny the

Defendant's motion.

   A.   *Timing of Substitutions*

   Pursuant to section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C.

App. 3 § 4, "upon a sufficient showing," the Court may authorize the Government to "delete

specified items of classified information from documents to be made available to the defendant

throughout discovery," or "to substitute a summary of the information for such classified

documents." In this case, the Government redacted certain information, including ██████████

███████████████████ before producing documents to the Defendant. The

7

Defendant objects to the practice insofar as the Government did not file a motion under CIPA section 4 seeking Court approval of this practice until September 2012, well into discovery.

As a practical matter, it would be difficult if not impossible for the Government to prosecute cases involving classified information if it could not follow the practice employed by the Government in this case. The Government provided substitutions so as to facilitate discovery, but sought approval of such practices under CIPA section 4 before other CIPA proceedings, and well before a trial date has been set. Moreover, the Court routinely offered the parties the opportunity to brief discovery motions like the present motion to compel, but the parties elected to continue meeting and conferring before raising issues with the Court. That is to say, if the Defendant believed ▮▮▮▮ substitutions were prejudicing his ability to engage in discovery, he could have raised that issue with the Court earlier in discovery. The Government's approach will not necessarily be appropriate in every criminal matter involving classified information. But in this case, particularly given the amount of classified information involved ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the Government's practice did not prejudice the Defendant and does not warrant on those grounds an order compelling the Government to produce redacted information.

*B.    Helpfulness to the Defense*

Substantively, the Defendant argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is by definition helpful to the defense.[8] The Defendant offers no authority for the proposition ▮▮▮▮▮▮▮▮▮▮▮▮▮ is *per se* helpful to the defense. The



---

[8] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Def's Mot. at 9. As the Defendant has emphasized throughout his motions to compel, the issue of substituting or disclosing classified information *at trial* is a matter for subsequent proceedings under CIPA section 6.

Court agrees that ████████ *may* be helpful, and thus *Yunis may* require that certain ████ be disclosed to a defendant. The Defendant simply has not even attempted to make a showing that ████████████████████████████████████████████████████████████████████ would be at least helpful to the defense as *Yunis* requires.

Initially, the Defendant's argument that the Government has conceded the relevance and helpfulness ████████████████████████████████████████ Def's Mot. at 8, is unavailing. Throughout discovery Government has indicated that it may produce discovery without conceding the Defendant is entitled to the documents in question *E.g.*, 11/14/11 Ltr. G. Harvey to A. Lowell, ECF No. [80-2], at 1 ("[W]e are producing all of the enclosed materials to the defense notwithstanding the fact that the Government believes that such production exceeds its discovery obligations at this time). To hold otherwise would bring discovery in this (and likely every other case involving classified information) to a snail's pace as the Court mediates minor disputes at every step of the discovery process. Moreover, the Government's position with respect to the Defendant's motion is entirely consistent with its initial production ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Although the Defendant does not know ████████████████████████████████ ████ it is important to note what the Defendant *does* know ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

███████████████ This information significantly undermines the Defendant's assertion that ████████████████████████████████████ is helpful to the defense. In light of the Government's representations, there is no reason to believe that the "reasonable investigation [the defense] would conduct in any other case," Def's Mot. at 10, would uncover information helpful to the defense. Without more, the Court cannot say that ██████████████████████████████████

would be helpful to the Defendant merely because ████████████████████████████████████
████████████████████████

The Government has also provided information regarding whether ███████████████████████████████████████████████████████████████████████████████████████████

Gov't's Opp'n at 49. Based on the Court's review of the discovery letters submitted to the Court throughout the case, it appears the Government has also produced: █████████████████████████████████████████████████████████████████████████████████████

The Defendant has also been in possession of the ████████████████████████████████████████

The Government has also offered to assist the Defendant in ████████████████████████████

---

[9] 5/19/11, 3/5/12, 5/22/12, 9/7/12, & 12/5/12 Ltrs. G. Harvey to A. Lowell.

[10] 11/30/12 Ltr. G. Harvey to A. Lowell.

[11] 3/5/12, 7/17/12, 8/24/12, & 12/5/12 Ltrs. G. Harvey to A. Lowell.

[12] 3/5/12 & 7/17/12 Ltrs. G. Harvey to A. Lowell.

REDACTED / CLEARED FOR PUBLIC RELEASE

█████████████████████████████████████████████████████████████
█████ Gov't's Opp'n at 77 n.46. ·

Despite the breadth of affirmative information provided regarding ███████████

█████████████████████████ the Defendant makes no attempt to demonstrate,

*based on information already in his possession*, that ████████████████ would

be helpful to the defense.  The Defendant does not necessarily have to demonstrate ████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ Moreover, to the extent the Government has not

produced ████████████████████████████████████████████████████████

████ the Defendant has not sought to compel the disclosure of documents that may enable the

Defendant to determine ███████████████████████████ Nor has

the Defendant filed a motion to compel other ████████████████████████████

███████████████████████████████████████████████████████████████

Apart from his general assertion that ████████████ are *per se* helpful to the defense, the

Defendant's motion references █████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████ Def.'s Mot. at 9-10.  The lack of further

detail from the Defendant precludes the Court from finding that █████████████████

----------------

[13]  These examples are provided for explication purposes only.  The Court does not
suggest that either would necessarily be sufficient to compel the disclosure of ████████████
████████████████████

11

:



would be helpful to the defense.

See *supra* at Section I.B.1 (discussing the

During the meet and confer process, the Defendant requested and received additional

materials regarding

Gov't's Opp'n at 77; 8/27/12 Ltr. G. Harvey to A. Lowell ¶ 19.

The Defendant offers nothing further to show that

would be useful to the defense: the Defendant does not present any

to demonstrate the allegedly conflicting evidence

or to otherwise suggest that knowing                                        would

be helpful to the defense.  Nor does the Defendant explain what additional discovery

is necessary for the defense to be able to

make a showing that                              would be helpful to the defense.  On the present record,

the Defendant fails to show

would be relevant and helpful to the defense.

C.    *Defendant's Catch-all Objection*

The Defendant also offers a wholesale objection to the "significant redactions throughout
[the Government's] classified discovery production." Def.'s Mot. at 12.  The only specific
objection identified by Defendant is the Government's redaction of portions of the text of and the

distribution lists for ███████████████████████████████ *Id*; *see* Def.'s Fourth

Mot., Exs. 2 & 3. For the reasons stated *supra*, Section III.A., the Defendant's procedural

objection is moot.

Substantively, the Defendant argues that he should be provided with unredacted copies in

order to determine "if there is anything about these documents that undermines the government's

case or identifies other people with knowledge of these reports who do not appear on the list of

168." Def.'s Mot. at 13. At the Court's request, the Government provided the Court with

unredacted copies of Defendant's Exhibits 2 and 3, as well as an *ex parte* explanation of certain

redactions. Upon review of the unredacted documents, the Court finds that none of the redacted

information is relevant or helpful to the defense. Therefore, the Defendant is not entitled to

unredacted copies of ███████████████████ attached as Exhibits 2 and 3 to the Defendant's

Fourth Motion to Compel.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that on the present record, the Defendant is not

entitled to █████████████████████████████████████████████████████

████████████████████████████ The Government initially substituted █

██████ in documents produced to the Defendant, and has subsequently sought leave of the

Court to make the substitutions under the Classified Information Procedures Act. The

Government's practice was appropriate in light of the circumstances of this case, and did not

prejudice the Defendant. The Defendant's procedural objection is moot in light of the

Government's motion for a protective order authorizing the substitutions. With respect to his

substantive request for ████████████████████████████████████████████

████████████████████████████ not *per se* helpful to the Defendant, particularly in

light of the Government's representations that ████████████████████████

13

███████████████████████████████████████████████

Furthermore, despite the abundance of discovery provided to the defense regarding ████████████████████ the Defendant makes no attempt to show that ███████████████ would be helpful to the defense or that the Defendant needs certain additional information in order to determine whether ████████ would be relevant and helpful to the Defendant. Finally, the information redacted from the ████████████████████ attached to the Defendant's motion is not relevant and helpful to the Defendant. Accordingly, the Defendant's [98-4] Fourth Motion to Compel Discovery (Regarding Improper ███████ Substitutions and Redactions) is DENIED. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR KOTELLY
UNITED STATES DISTRICT JUDGE

REDACTED / CLEARED FOR PUBLIC RELEASE