UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.: 10-225 (CKK) |
| ) | |
| v. ) | |
| ) | |
| STEPHEN JIN-WOO KIM, ) | |
|    also known as Stephen Jin Kim, ) | |
|    also known as Stephen Kim, ) | |
|    also known as Leo Grace, ) | |
| ) | |
|       Defendant. ) | |

### NOTICE REGARDING MOTIVE

On July 23, 2013, the defendant filed his Fifth Motion to Compel Discovery ("Fifth Mot. to Compel"). In his motion, the defendant moved to compel substantial classified discovery in response to the government's written notice about the defendant's motive to commit the charged unauthorized disclosure. Fifth Mot. to Compel at 4-12. On August 16, 2013, the United States filed its In Camera, Under Seal Opposition to the Defendant's Fifth Motion to Compel Discovery ("Opposition"). In that filing, the United States informed the Court that "if the Intelligence Community's equities that are implicated by the defendant's requests for additional classified information and material regarding a given motive theory cannot be adequately protected in this case, then the government would expect to be required to abandon that theory for trial purposes." Opposition at 11 n. 9.

On October 9, 2013, the Court issued a memorandum opinion, granting in part and denying in part the defendant's Fifth Motion to Compel ("Mem. Op."). In light of the government's assertion that it planned to rely on three motive theories at trial, the Court ordered the United States to produce additional classified discovery in connection with these three motive theories by November 8, 2013. Mem. Op. at 4-8. Because of the Intelligence Community equities implicated by the Court's ruling, the United States

hereby gives notice that it has elected not to rely on these motive theories at trial, thereby eliminating the basis for the defendant's classified discovery demands related to motive in his Fifth Motion to Compel. Accordingly, apart from the defendant's communications with Fox News reporter James Rosen, which are independently admissible, the United States will not seek to introduce at trial the evidence described in Section II.B. of its Opposition.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447889


_____/s/_____
G. MICHAEL HARVEY (D.C. Bar No. 447465)
Assistant United States Attorney
United States Attorney's Office
(202) 252-7810
Michael.Harvey2@usdoj.gov


_____/s/_____
JONATHAN M. MALIS (D.C. Bar No. 454548)
Assistant United States Attorney
United States Attorney's Office
(202) 252-7806
Jonathan.M.Malis@usdoj.gov


_____/s/_____
THOMAS A. BEDNAR (D.C. Bar No. 493640)
Assistant United States Attorney
United States Attorney's Office
(202) 252-7877
Thomas.Bednar@usdoj.gov


_____/s/_____
DEBORAH A. CURTIS (CA Bar No. 172208)
Trial Attorney
Department of Justice
(202) 233-2113
Deborah.Curtis@usdoj.gov

                                                                                /s/
                                      JULIE A. EDELSTEIN (D.C. Bar No. 976558)
                                      Trial Attorney
                                      Department of Justice
                                      (202) 233-2260
                                      Julie.Edelstein@usdoj.gov

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on this 18th day of October, 2013, I caused a true and correct copy of the foregoing filing to be served on counsel of record through the Court's Electronic Case Filing system.

                                                         /s/
                                      Julie A. Edelstein
                                      Trial Attorney