REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with the Classified
Information Security Officer
CISO [signature]
Date 11/15/2013

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

vs.

STEPHEN JIN-WOO KIM,

Defendant.

---

Criminal No. 10-255 (CKK)

**FILED**

**JAN 2 9 2014**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ORDER
(November 15, 2013)

The Court has reviewed the pleadings regarding Defendant's [177] Sixth Motion to Compel.[1] In order to clarify an argument raised in the Defendant's Reply, the Court requests a short Sur-Reply from the Government addressing whether, based on the e-mails provided by Defendant as Exhibits in support of his Motion, any ███████ sought by Defendant exists separate and apart from the ███████ the Government has thus far searched for unsuccessfully.

In its Opposition to Defendant's motion to compel the production of a ███████ ███████ prepared on June 11, 2009, the Government states that it "ha[s] searched for ███████ for the ███████ related to the ███████ Report and ha[s] located no such document that pre-dates the 'cut-off time' on June 11, 2009." Gov't's Opp'n at 4. Based on these unsuccessful searches for the document sought by Defendant, the Government contends that the

---

[1] Def.'s Sixth Mot. to Compel ("Def.'s Mot."), ECF No. [177]; Gov't's Opp'n, ECF No. [186]; Gov't's Ex Parte, In Camera Classified Addendum to its Opp'n, ECF No. [187], Def.'s Reply, ECF No. [191].

REDACTED / CLEARED FOR PUBLIC RELEASE

Defendant's motion to compel the production of the ▓▓▓▓ should be denied as moot. *Id*

In his Reply, Defendant asserts that the Government has misunderstood his position. He is not simply seeking the ▓▓▓▓ but rather "any ▓▓▓▓ on the intelligence report at issue . . . ." Def.'s Reply at 2. Defendant concedes that "[i]f the government is representing to the Court and to the defense that it has conducted a comprehensive search of computer and e-mail records of those individuals involved in the drafting and review of any ▓▓▓▓ and has not identified any such document created before 3:16 p.m. on June 11, 2009, this representation adequately addresses the first two arguments made in Defendant's motion." *Id.* at 4. However, relying on the Government's statements in its Reply, Defendant claims that the Government appears to have limited its search to "the ▓▓▓▓ and not searched for "*any* ▓▓▓▓ on the intelligence report at issue." (emphasis added). *Id.* at 2, 5.

As support for his argument that a separate ▓▓▓▓ exists outside of the ▓▓▓▓ searched for by the Government, Defendant points the Court to two e-mails produced during classified discovery. *See* Def.'s Mot., Ex. 1 (June 11, 2009 e-mail regarding ▓▓▓▓ Planning), Ex. 3 (June 11, 2009 e-mail regarding Update on ▓▓▓▓. Having reviewed these e-mails, the Court concludes that additional briefing from the Government would be useful as to whether these e-mails, in particular the second e-mail contained in Exhibit 3, are discussing a ▓▓▓▓ separate and apart from the ▓▓▓▓ searched for by the Government. As Defendant concedes, Def.'s Reply at 4 n. 2, the document referred to in the first e-mail appears to have involved the ▓▓▓▓ *See* Def.'s Mot., Ex. 1 (describing the ▓▓▓▓ 03630-

2

REDACTED / CLEARED FOR PUBLIC RELEASE

09" as an "item[] for which ▓ had an action"). However, the Court is less clear as to the circumstances surrounding the second e-mail, which does not mention ▓. Rather, this e-mail states that ▓▓▓▓▓▓ which will require "some help on the ▓▓▓▓ . ." Def.'s Mot., Ex. 3. Lacking the information available to the Government concerning the circumstances in which this e-mail was sent, the Court is uncertain as to the extent to which this e-mail suggests a ▓▓▓▓ separate and apart from the ▓▓▓▓ searched for by the Government. As the first argument in support of his motion to compel, Defendant has argued that the ▓▓▓▓ and the list of individuals who accessed the document before the cut-off date are relevant and helpful in identifying individuals who accessed the intelligence information at issue prior to the cut-off time. Def.'s Mot. at 2. In addressing this argument – and *only this argument* – the Court considers it useful to have additional briefing as to whether the e-mails cited by Defendant actually point to the existence of a ▓▓▓▓ outside of that already searched for by the Government. Indeed, before ruling on whether this document could be used to locate other individuals with access to the intelligence information at issue, the Court believes it needs additional briefing on whether this document does or does not exist.

Given these concerns, the Court requests a short Sur-Reply from the Government addressing the e-mails cited by Defendant as evidence for the existence of a ▓▓▓▓ outside of the ▓▓▓▓ already searched for. In particular, the Court requests argument as to why the second e-mail, contained in Exhibit 3 to Defendant's Motion, does or does not suggest the existence of a ▓▓▓▓. This Sur-Reply, which shall address no other issue, shall be filed by no later than November 19, 2013.

Accordingly, for the reasons stated, it is, this 15th day of November, 2013, hereby

3

REDACTED / CLEARED FOR PUBLIC RELEASE

ORDERED that the Government shall file a brief Sur-Reply by no later than November 19, 2013 addressing the extent to which the e-mails cited by Defendant in support of his Sixth Motion to Compel do or do not suggest the existence of a ▮▮▮ outside of the ▮▮▮ ▮▮▮ already searched for.

SO ORDERED.

                                                  /s/
                                    COLLEEN KOLLAR KOTELLY
                                    UNITED STATES DISTRICT JUDGE

REDACTED / CLEARED FOR PUBLIC RELEASE